Weygandt, C. J.
As presented by the parol evidence, stipulations and exhibits, the controlling facts are not in dispute.
The questions of law here presented require the application of several statutes, especially Section 5725.04, Bevised Code, which reads:
“All the shares of the stockholders in a financial institution located in this state, incorporated or organized under the laws of the state or the United States, the capital stock of which is divided into shares, except shares defined as deposits in Section 5701.05 of the Bevised Code, and all the shares of the stockholders in an unincorporated financial institution located in this state, the capital stock of which is divided into shares held by the owners of such financial institution, and all the ownership interests of the depositors in the capital employed in an incorporated financial institution located in this state, the capital of which is not divided into shares, or which has no capital stock, and the capital employed, or the property representing the capital, in any other financial institution located in this state, the capital of which is not divided into shares, or which has no capital stock, shall be listed and assessed at the book value thereof, and taxed in the manner provided in Sections 5725.01 to 5725.26, inclusive, of the Bevised Code.
“The capital employed in an incorporated financial institution located in this state, the capital of which is not divided into shares, or which has no capital stock, shall be deemed to mean and describe the ownership interests of the depositors in such incorporated financial institution and not any of the capital or property of or belonging to such incorporated financial institution.”
In clear unambiguous terms it is provided in this statute that it is applicable to “all” such shares with the single exception of “shares defined as deposits in Section 5701.05 of the Be-vised Code.”
A study of the above-quoted language of Section 5725.04 discloses that the tax there levied is not a tax on either foreign or domestic insurance companies or on dealers in intangibles. Instead it is a tax on “all the shares of the stockholders in a financial institution located in this state.”
*380 The hank contends that these classes of stockholders are impliedly exempted from payment of this tax by reason of the provisions of Sections 5725.25 and 5725.26, Revised Code. However, these sections significantly provide merely that these stockholders are not required to return the financial institution tax. This is quite different from the allowance of an exemption or exception which must be clear and not predicated on mere inference. National Tube Co. v. Glander, Tax Commr., 157 Ohio St., 407.
In referring to the provisions of Section 5725.04, Revised Code, supra, the Board of Tax Appeals said:
“The language of this section seems quite clear and even though appellant argues that the last two sections of Chapter 5725 of the Revised Code, namely, Sections 5725.25 and 5725.26, clearly exclude shares in a financial institution owned by foreign insurance companies, domestic insurance companies and resident and nonresident dealers in intangibles, we cannot subscribe to such a conclusion. The board is of the view that the provisions of Section 5725.04, Revised Code, above noted, impose a tax upon shares of stockholders in a financial institution and not upon domestic or foreign insurance companies or resident or nonresident dealers in intangibles.”
With reference to the fifth class of stockholders known as charitable institutions involved in the appeal by the Tax Commissioner, the Board of Tax Appeals analyzed the matter as follows:
“It appears to us that the only shares of a stockholder in a financial institution which are clearly exempted from taxation are those held by that class referred to and listed by appellant as charitable institutions.
“Section 5709.04, Revised Code, provides as follows:
“ ‘Money, credits, investments, deposits, and other intangible property belonging, either legally or beneficially, to corporations, trust [s], associations, funds, foundations, or community chests, organized and operated exclusively for religious, charitable, scientific, literary, health, hospital, educational, or public purposes, exclusively for the prevention of cruelty to children or animals, or exclusively for contributing financial support to any such purposes, no part of the net earnings of *381 which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda or otherwise attempting to influence legislation, shall not be subject to taxation.’
“This statute, which must be read in pari materia with Chapter 5725 of the Revised Code, and in particular with the provisions of Section 5725.04, Revised Code, unequivocally spells out a clear-cut exception to Section 5724.04, Revised Code, inasmuch as it provides that investments belonging either legally or beneficially to charitable institutions shall not be subject to taxation.
“No such clear-cut exception has been brought to the board’s attention by the appellant with respect to the other'four classes of shareholders.”
This court is of the opinion that the decision of the Board of Tax Appeals is correct as to all five classes of stockholders, and therefore such decision is hereby affirmed.

Decision affirmed.

Zimmerman, J., concurs.
Taet, Matthias and O’Neill, JJ., concur in paragraph two of the syllabus and in the judgment as to case No. 36782.